IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**CONFEDERATED TRIBES AND BANDS
OF THE YAKAMA NATION,**

   Plaintiff,
v.

**AIRGAS USA, LLC** et al.,

   Defendants.

No. 3:17-cv-00164-JR

OPINION AND ORDER

**MOSMAN, J.,**

On January 22, 2019, Magistrate Judge Paul Papak issued his Findings and Recommendation (F&R) [321], recommending that I DENY the following motions: Motion to Dismiss Second Amended Complaint for Failure to Join Parties [254]; Joint Motion to Dismiss Plaintiff's Claims for Natural Resource Damages as Untimely [255]; Joint Motion to Dismiss Plaintiff's Claims for Natural Resource Damages as Untimely [257]; Motion to Dismiss Plaintiff's Second Amended Complaint [258]; Motion to Dismiss Second Amended Complaint [259]; Motion to Dismiss for Failure to Join Necessary Parties [261]; and Joint Motion to Dismiss Plaintiff's Natural Resources Damages Claim [263]. Judge Papak also recommended that I GRANT Motion for Stay [197], GRANT Motion to Dismiss a Portion of Claim 2 and Stay the Remaining Claims [253], enter a stay of dispositive motions, allow Plaintiff to file a third amended complaint, allow Defendants to file motions to dismiss the third amended complaint,

and stay discovery save for the preservation of evidence. Plaintiff and Defendants filed Objections to the F&R [329–44], and Plaintiff and Defendants filed Responses to Objections [345, 346–54].

## DISCUSSION

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

The dominant issues raised by the objections addressed (1) Plaintiff's failure to state a claim, (2) whether Plaintiff should be time barred from bringing a natural resource damage assessment (NRDA) cost claim, (3) Plaintiff's failure to joint indispensable parties, and (4) Plaintiff's lack of standing. I will take each area up in turn.

Plaintiff objects to Judge Papak's finding that its NRDA cost claim should be dismissed. After examining the statutory background and language of CERCLA, Judge Papak held that Plaintiff could not bring a claim for NRDA costs without also bringing a claim for natural resource damages (NRD). The language of 42 U.S.C. § 9607(a)(4)(C) imposes liability upon a defendant for NRD and the cost of assessing the NRD, but no part of the statute allows a party to

recover NRDA costs alone. The language of the CERCLA regulations echo the requirement that NRDA cost claims may only be brought with NRD claims. Judge Papak distinguishes the current action from the case relied upon by Plaintiffs.[1] In the past case Plaintiff brought a claim for NRD which had been stayed, but here Plaintiff has claimed NRDA costs only. I find the statutory language is clear and am unpersuaded by Plaintiff's caselaw, and therefore I agree with Judge Papak that Plaintiff's claim for NRDA costs should be dismissed without prejudice.

Defendants object to Judge Papak's finding that Plaintiff's pleadings sufficiently state a claim. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Judge Papak examined Plaintiff's Second Amended Complaint [225] under the pleading requirements for a CERLA response cost claim and a declaratory relief claim for NRDA costs and found that for both claims Plaintiff's allegations were sufficient as to each Defendant. I agree with Judge Papak's finding that Plaintiff's allegations are adequate to survive the motion to dismiss stage on the NRDA costs and response costs.

Plaintiff and Defendants object to Judge Papak's recommendation that no statute of limitations be determined at this time because the Environmental Protection Agency (EPA) has not yet finalized the boundaries of the Portland Harbor National Priorities List (NPL) Site. Judge Papak was unable to determine when the statute of limitations should have started to run because the timing depends on how the EPA defines the boundaries of the Portland Harbor NPL. Defendants argue that the alleged damages occurred outside the NPL Site while Plaintiff argues

---

[1] *Confederated Tribes & Bands of the Yakama Nation v. United States*, 616 F. Supp. 2d 1094 (E.D. Wash. 2007).

damages occurred inside the site. The United States points out that because the remedial investigation into the NPL site is still active, the scope of the site is as-yet undetermined. Judge Papak held that because he cannot definitively determine whether the damages occurred inside or outside the site based on the fluid state of the boundaries, he cannot determine which statute of limitations to apply. I agree with Judge Papak's reasoning and refrain from making any decision regarding the statute of limitations on Plaintiff's NRDA cost claim.

Defendants object to Judge Papak's finding that Plaintiff has sufficiently pled Article III standing. Article III standing requires an injury in fact, traceability, and redressability. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180–81 (2000). Judge Papak first found that Plaintiff has demonstrated Article III standing based on its already incurred and prospective response costs. Judge Papak found that Plaintiff demonstrated injury, traceability, and redressability based on previous CERCLA case law. Judge Papak's analysis of statutory standing as a natural resources trustee is more difficult due to a lack of authority, but I agree with his outcome. Judge Papak found that Plaintiff's off-reservation fishing rights qualify under CERCLA's definition of natural resources because at the motion to dismiss stage he takes Plaintiff's allegations as true. He therefore finds Plaintiff has statutory and Article III standing, and I agree.

Finally, Defendants object to Judge Papak's holding that Plaintiff's NRDA cost claim should not be dismissed for failure to join necessary parties. Judge Papak analyzed CERCLA's double recovery bar through the lens of Federal Rule of Civil Procedure 19 and found that Plaintiff could recover on behalf of its joint trustees. Because the joint trustees share the same interest—the restoration of the damaged natural resources—as long as the trustee who recovers restores the natural resource, the interests of other joint trustees will not be jeopardized. I find

Judge Papak's reasoning and Rule 19 analysis sound and agree. I otherwise adopt the F&R as to any remaining objections.

## CONCLUSION

Upon review, I agree with Judge Papak's recommendation and I ADOPT the F&R [321] as my own opinion. Accordingly I DENY the following motions: Motion to Dismiss Second Amended Complaint for Failure to Join Parties [254]; Joint Motion to Dismiss Plaintiff's Claims for Natural Resource Damages as Untimely [255]; Joint Motion to Dismiss Plaintiff's Claims for Natural Resource Damages as Untimely [257]; Motion to Dismiss Plaintiff's Second Amended Complaint [258]; Motion to Dismiss Second Amended Complaint [259]; Motion to Dismiss [261]; and Motion to Dismiss Plaintiff's Natural Resources Damages Claim [263]. I GRANT Motion for Stay [197], and Motion to Dismiss Portion of Claim 2 and Stay Remaining Claims [253]. I enter a stay of dispositive motions, allow Plaintiff to file a third amended complaint, allow Defendants to file motions to dismiss the amended complaint, and stay discovery save for the preservation of evidence.

IT IS SO ORDERED.

DATED this ___ day of August, 2019.

MICHAEL W. MOSMAN
Chief United States District Judge

5 – OPINION AND ORDER